Alton BOYD, Appellant,

v.

T. W. ROBINSON, Appellee.

No. 3477.

Court of Civil Appeals of Texas.

Waco.

June 27, 1957.

Rehearing Denied July 25, 1957.

Ed Roy Simmons, Mexia, and Lynn H. Van Meter, Dallas, for appellant.

Bradley & Geren, Groesbeck, for appellee.

TIREY, Justice.

This is a collision case, and the plaintiff grounded his cause of action on the negligence of the defendant and alleged that he sustained damages to his car in the amount of $400. Defendant went to trial on his first amended answer and cross action and denied that he was negligent in any respect. On the contrary, he alleged that the plaintiff was negligent, and as a result of the plaintiff's negligence, he sustained damages in the sum of $415 and prayed for appropriate relief. The jury, in its verdict, found substantially (1 and 2) that defendant failed to keep that lookout which would have been kept by a person of ordinary prudence in the exercise of ordinary care under the same or similar circumstances and that such failure was a proximate cause of the collision; (3, 4 and 5) that defendant drove his automobile to the left of the center of the street and that his act in so driving was negligence, and was a proximate cause of the collision; (6, 8 and 11) that Janice Battreall, the driver of plaintiff's car, did not fail to keep that lookout which would have been kept by

a person of ordinary prudence in the exercise of ordinary care under the same or similar circumstances and that she did not fail to bring her automobile to a stop at the stop sign on Bonham Street before entering the intersection of Bonham and Travis Streets, and that she did not fail to timely apply her brakes; (14) that Janice Battreall did not operate her car across the center line of Travis Street into the east bound traffic lane on Travis Street.

The parties in open court stipulated by their respective attorneys that the reasonable cash market value of the plaintiff's automobile in Limestone County, Texas immediately prior to said collision was the sum of $450, and immediately after said collision the reasonable cash market value in Limestone County was the sum of $50.

The court, on the verdict of the jury and the stipulations of the parties, entered judgment in favor of the plaintiff against defendant in the sum of $400 and costs of court, and further found that cross plaintiff Alton Boyd take nothing from the cross defendant on his alleged cross action, and decreed accordingly. Defendant and cross plaintiff seasonably filed his amended motion for new trial, and, it being overruled, perfected his appeal to this court.

Appellant has assailed the judgment against him on what he designates as four points. They are, substantially: The court erred (1) in failing to instruct the jury to disregard sidebar remarks directed to the jury made by plaintiff's attorney, since these remarks were improper and prejudicial to defendant; (2) in permitting counsel for plaintiff to argue to the jury as to the speed of defendant's automobile over the objection of defendant's counsel, since there was no evidence of speed introduced in the trial of the case; (3) in permitting counsel for plaintiff to interrogate defendant as to when he had met his attorney from Dallas first, since this was prejudicial, irrelevant and immaterial to the issues in the case; (4) in overruling defendant's motion for new trial

based upon plaintiff's attorney's argument to the jury that the defendant had only met his counsel from Dallas on the morning of the trial, since such argument was only intended to prejudice the defendant and was immaterial and irrelevant to the trial of the case.

Appellant, in his amended motion for new trial, among other things, alleged the following:

"The trial court erred in permitting counsel for plaintiff to read from an unsigned typewritten statement, consisting of two pages, to the defendant before the jury, after the defendant's counsel had objected thereto."

"The trial court erred in permitting the counsel for plaintiff to read from an unsigned typewritten statement, consisting of two pages, to the defendant after counsel for the defendant had objected to said reading and after defendant had denied making such statement, such testimony by plaintiff's counsel being inadmissible and improper for the jury to consider, having no authentication and being wholly disowned by the defendant and strenuously objected to by defendant's counsel on the basis that said instrument was of a hearsay nature and wholly inadmissible for consideration by the jury."

Appellant seasonably presented to the trial court his bills of exception Nos. 1 and 2 dealing with the foregoing error, which exceptions were refused by the court, and the court thereafter prepared and filed his bills of exception Nos. 1 and 2, and we quote the pertinent parts thereof:

"(1) Be it remembered that upon the trial of the above entitled and numbered cause on the 15th day of November, 1956, counsel for the plaintiff, L. L. Geren, on cross-examination asked the defendant, Alton L. Boyd, if he had made a written statement in regard to the collision in question in regard to

certain things that happened and counsel for the defendant objected but I do not remember the grounds of the objection and I do not remember whether the objection was sustained or overruled. Defendant Boyd denied making the written statement. As to the question of good faith of plaintiff's counsel, I have now seen the original statement signed by defendant Boyd, which statement he denied making, claiming that the statement he was questioned about was not the statement he had signed, but a comparison of the two statements shows that they are identical copies except for the matter of the signature of the defendant, Alton L. Boyd, on the original."

"(2) Be it remembered that upon the trial of the above entitled and numbered cause on the 15th day of November, 1956, plaintiff's attorney, L. L. Geren, asked defendant, Alton L. Boyd, on cross-examination whether he made a written statement to a gentleman from Waco, to which the defendant answered in the negative. Plaintiff's attorney then asked if the defendant had signed a statement for that gentleman, to which the defendant answered that he had signed a statement but not that particular statement; that the statement had been submitted to him for signature but that it had been incorrect and he had refused to sign it. Counsel for plaintiff then read a portion of the unsigned statement wherein the defendant was purported to have said that his windshield was all fogged up at the time of the collision and asked if defendant had made that statement. Counsel for the defendant objected to said question on the grounds that the statement had been disowned and that counsel for plaintiff was merely attempting to get evidence which was false and inadmissible before the jury, at which point counsel for plaintiff replied but I do not remember the gist

of his reply and then counsel for the defendant objected that such comment was improper and requested the court to instruct the jury to disregard it. The court has examined the written statement which plaintiff's counsel had and the original statement which was signed by defendant and the court finds that one is a carbon copy and duplicate original of the other except for the signature and that in both statements defendant did say that his windshield was all fogged up at the time of the collision and the defendant was in error and mistaken in testifying that he had signed no such statement."

Counsel for appellee in oral argument before us stated that he did not have the original statement in his possession at the time of the trial, and that the reason the original signed statement was not tendered in evidence by him was because he did not have such statement in his possession at the time of trial, and that he obtained possession thereof after the trial.

The foregoing bills of exception, we think, present the only serious question in this cause, but we have decided that in view of the fact that this cause was tried without an official court reporter, and because there is no transcript of the testimony tendered, that the court's bills of exception Nos. 1 and 2 are insufficient to present reversible error for reasons which we shall hereinafter briefly state.

▇▇▇ First of all, there is a general rule to the effect that the judgments of the trial court are presumptively correct, and generally the appellate court will only consider matters shown by the record. Therefore, to procure a reversal an appellant must bring up a record which affirmatively shows that an error was committed, and that it was of such a nature as was calculated to injure him. The general burden of appeal rests upon the party prosecuting it, and he must affirmatively show neglect or refusal of the trial judge to perform his official duty. He must present a record which is sufficiently

full to show clearly the action of the court and the error of which he complains. *The burden is upon him to bring up the whole record. If he brings up a record which shows the proceedings only in part, every reasonable presumption will be indulged in favor of the ruling below, and a reversal will not be ordered unless it appears that upon no possible state of the case could the ruling be upheld.* The foregoing statement is taken substantially from 3–A Tex.Jur., Sec. 391, pp. 486–487, citing a long list of cases.

 Moreover, there is another general rule to the effect that it is not incumbent upon the appellee to show from the record procured by his adversary that his judgment is sustained by the evidence; rather it is for the appellant to procure and bring before the appellate court a complete record of the case, and from it demonstrate such an error in the judgment as will require its reversal. A judgment will not be reversed merely because the statement of facts is not complete, especially when it does not appear that if it were complete the appellate court would be justified in reaching a different conclusion than the one it does reach. On the contrary, if there is only a partial statement of facts, all reasonable presumptions will be indulged in favor of the judgment below, including a presumption that the evidence was sufficient to sustain it. Assignments complaining of the action of the court or jury in passing upon testimony, or claiming that a different judgment should have been rendered on the facts, as well as assignments attacking a conclusion of the court on the ground that it is not supported by the evidence, or questioning the sufficiency of the evidence, will not be considered where the statement does not contain all of the evidence, or all that relates to the particular matter in question. And a finding will not be disturbed if a part of the evidence relating to the matter is omitted from the statement of facts. See 3–A Tex.Jur., Sec. 415, pp. 525 and 526. See also 3–A Tex.Jur., Sec. 474, pp. 608–09.

In Lane v. Fair Stores, Inc., 150 Tex. 566, 243 S.W.2d 683, 685, we find the following statement: "In the absence of a statement of facts it must be presumed that sufficient evidence was introduced to support the findings of the jury and the judgment of the court. * * * If it requires an examination of the statement of facts to reveal error, then it is not fundamental error." See also Baker v. Rutherford, Tex. Civ.App., 293 S.W.2d 669, points 4 and 5, and authorities there cited.

Returning to a discussion of the court's bills of exception Nos. 1 and 2, we think the most serious question presented by these bills is contained in the following portion:

"Plaintiff's attorney then asked if the defendant had signed a statement for that gentleman, to which the defendant answered that he had signed a statement but not that particular statement; that the statement had been submitted to him for signature but that it had been incorrect and he had refused to sign it. Counsel for plaintiff then read a portion of the unsigned statement wherein the defendant was purported to have said that his windshield was all fogged up at the time of the collision and asked if defendant had made that statement. Counsel for the defendant objected to said question on the grounds that the statement had been disowned and that counsel for plaintiff was merely attempting to get evidence which was false and inadmissible before the jury, at which point counsel for plaintiff replied but I do not remember the gist of his reply and then counsel for the defendant objected that such comment was improper and requested the court to instruct the jury to disregard it. The court has examined the written statement which plaintiff's counsel had and the original statement which was signed by defendant and the court finds that one is a carbon copy and duplicate original of the other except for the

signature and that in both statements defendant did say that his windshield was all fogged up at the time of the collision and the defendant was in error and mistaken in testifying that he had signed no such statement."

 It is obvious that the bills of exception do not show whether the appellant's request was sustained or overruled. We are of the view that if this court was authorized to draw a presumption or make an inference that we would have to conclude from the last part of the bill that the objection of appellant was overruled, but this we are not authorized to do under the foregoing rules stated. Moreover, there was no attempt on the part of the appellant to have the court state exactly what the court did with appellant's objections. Since we do not know what other testimony was tendered in this record and have no way of knowing absent a statement of facts, we cannot tell from the record before us whether the court's bill is sufficient within itself to present reversible error. In other words, while we think the reading in part of the unsigned statement, over the objection of appellant was error under the general rule announced in Bayshore Bus Lines v. Cooper, Tex.Civ.App., 223 S.W.2d 77 (n.r.e.), we cannot say from the record as a whole that the error of the court in this respect was not cured by other testimony. Moreover, in Rule 434, Texas Rules of Civil Procedure, we find this provision as to reversal: "Provided, first, that no judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case * * *." See Childers v. Texas Employers Ins. Ass'n, 154 Tex. 88, 273 S.W.2d 587.

For the foregoing reasons, we are of the view that appellant's bills of exception Nos. 1 and 2 do not present reversible error, and for such reasons the judgment of the trial court must be affirmed.

We have also considered each of the other errors assigned and each is overruled.

Accordingly, the judgment of the trial court is in all things affirmed.