Mattie Emma BURR, Appellant,

v.

Ira Allen BURR, Appellee.

No. 14299.

Court of Civil Appeals of Texas.

Houston.

May 28, 1964.

———◆———

Franklin R. Navarro, Michael T. Brimble, Houston, for appellant.

Joel W. Cook, Wilson McPhail, Houston, for appellee.

COLEMAN, Justice.

This is an appeal from the property settlement provisions of a divorce decree. The divorce suit was originally filed by appellee, who, prior to trial, dismissed. The case was tried on appellant's cross-action. No complaint is made of those portions of the judgment granting the divorce, awarding custody of a child, requiring payments for child support, and establishing visitation rights.

The parties were present in person and by attorney at the trial of the case. A property settlement was dictated into the record in open court. Both parties, as well as their attorneys, stated that they agreed to the settlement as dictated. The trial court announced his judgment and made entries on his docket sheet.

Thereafter, before the judgment was signed and entered, appellant expressed her dissatisfaction with the judgment and secured the services of different attorneys. It appears that the trial court granted an oral motion for new trial, prior to the entry of judgment, which he subsequently withdrew. Only the testimony taken at a formal hearing on a motion for judgment has been presented to this Court as a statement of facts. Judgment was entered reciting an agreed property settlement and further reciting that the property settlement appeared to the court to be "in all things fair and proper," and that it was approved by the court.

The judgment was signed and entered after the trial court had heard exhaustive testimony concerning the extent and value of the community property presented at the hearing on the motion for judgment.

■ Appellant's points that there is no evidence, or alternatively insufficient evidence, to show that the parties entered into a property settlement agreement, might well be overruled by reason of the fact that a complete statement of facts is not before this Court. Boyd v. Robinson, Tex.Civ. App., 304 S.W.2d 430. However, a review of the testimony heard on the motion for judgment demonstrates that the finding of the trial court that such an agreement was properly entered into is well supported by the evidence.

Appellant asserts that her consent to the property settlement agreement was obtained under duress. The trial court heard testimony on this allegation and impliedly found that no duress was existent. There is ample evidence in the record before us to support such a finding.

■ Appellant finally asserts that if her lawyers consented to the property settlement agreement, they did so without her consent, authority or knowledge. Her statement to this effect was controverted by other testimony. There is also testimony that she agreed to the settlement personally in open court. The trial court recited in his judgment that the parties announced in open court that they had agreed upon a property settlement. While appellant testified that she did not hear the settlement as it was dictated, she does not contend in her brief that she did not know that a property settlement had been agreed upon, nor is there a contention that the settlement as dictated varied from a settlement to which she had previously agreed. She contends that no agreement was made and that she desired a jury trial of property rights. It is without dispute that no such information was conveyed to the trial court prior to the announcement of his decision.

The trial court permitted appellant's present attorney to make an investigation of the facts and to take depositions and thereafter heard the testimony appellant desired to present concerning the community property. He concluded that the agreement was fair and proper. After reviewing the statement of facts, we have reached the same conclusion.

The judgment of the trial court is affirmed.