John BURNS et al., Appellants,

v.

CITY OF CARROLLTON, Texas et al.,
Appellees.

No. 16989.

Court of Civil Appeals of Texas.

Dallas.

Dec. 1, 1967.

Sandy M. Sandoloski, Weinberg & Sandoloski, Dallas, for appellant.

R. L. Dillard, Jr., and Gerald C. Galbraith, Dallas, for appellee.

CLAUDE WILLIAMS, Justice.

Appeal from order denying temporary injunction. John Burns and Mrs. Willie B. Cook, on behalf of themselves and sixty-four other citizens of Dallas County, brought this suit against the City of Carrollton, Texas and the mayor and city councilmen, seeking a temporary restraining order, temporary injunction, and permanent injunction, restraining Carrollton and its officials from passing an annexation ordinance or attempting to exercise jurisdiction over certain territory sought to be annexed by such ordinance. Plaintiffs reside in an unincorporated area directly north of and adjacent to the present corporate limits of the Town of Coppell, Texas. Plaintiffs base their right to injunctive relief upon the allegation that they had previously presented to the County Judge of Dallas County a petition signed by the plaintiffs, and the sixty-four other residents of the unincorporated territory, praying for an election to determine if such territory should be incorporated as the Town of Jamestown, Texas. Plaintiffs alleged that by virtue of such action the City of Carrollton had no legal right to attempt to exercise jurisdiction over the territory sought to be incorporated and should be enjoined from passing the attempted annexation ordinance which covered a portion of the territory in controversy. The City of Carrollton, and other individual defendants, answered alleging, inter alia, that plaintiffs' attempt to initiate incorporation proceedings was without effect for the reason that plaintiffs had failed to obtain written consent from all existing municipalities having extraterritorial ju-

risdiction over the property sought to be incorporated as required by Art. 970a, Vernon's Ann.Civ.St. of Texas.

Upon the hearing for the temporary injunction before the court, without a jury, the parties entered into a written stipulation of facts, the essential and material portions thereof being as follows: that on or about April 21, 1966 plaintiffs delivered to the County Judge of Dallas County an instrument purporting to be a petition for incorporation for an unincorporated area located within Dallas County. The area sought to be incorporated, and which was described in detail by metes and bounds, is situated within the extraterritorial jurisdiction, as that term is defined in Art. 970a, V.A.C.S., of the Cities of Dallas, Carrollton, and the Town of Coppell. At the time of delivery to the County Judge of the petition for incorporation, consent to incorporate the Town of Jamestown (as that town was to be designated) had not been obtained from any of the municipalities having extraterritorial jurisdiction of the areas sought to be incorporated and, at the time of the hearing for temporary injunction (and also at the time of the order denying the temporary injunction) the Town of Coppell had not issued its consent.[1] The consent referred to by the parties is that consent required by Art. 970a, V.A.C.S. On January 3, 1967, two proposed annexation ordinances of the City of Carrollton were introduced for consideration of the Council and a resolution was passed at that meeting that such ordinances be published as required by law and considered at a subsequent time for passage.

The trial court entered an order denying the temporary injunction and on the same date the City of Carrollton enacted annexation ordinances covering the property sought to be annexed.

The trial court filed conclusions of law supporting defendants' contentions.

## OPINION

Appellants present three points of error supporting their contention that the judgment of the trial court should be reversed and that the temporary injunction should have been issued. By these three points, briefed together, appellants contend that the trial court erred (1) in holding that they had not pled a cause of action; (2) that they had not proved a cause of action; and (3) in holding as a matter of law that the consent of all cities having extraterritorial jurisdiction of an area sought to be incorporated as a town or city is a necessarry prerequisite to the filing of a petition for incorporation with the county judge of the county wherein the land sought to be incorporated is situated.

It is well settled that on appeal from an order granting or denying a temporary injunction the narrow question is whether the trial court abused its discretion in entering the order appealed from. The order will be reversed only when a clear abuse of discretion is demonstrated by the record. Transport Co. of Texas v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549 (1953); 31 Tex.Jur.2d, § 224, pp. 345–347. It is equally well settled that if the facts are undisputed, as here, and only questions of law are presented, it does constitute an abuse of the trial court's discretion to fail properly to apply the law to the facts. Dallas General Drivers, etc. v. Wamix, Inc. of Dallas, 156 Tex. 408, 295 S.W.2d 873 (1956); John L. Bramlet & Co. v. Hunt, 371 S.W. 2d 787 (Tex.Civ.App., Dallas 1963); 31 Tex.Jur.2d, § 224, p. 349. Applying these well established rules of law to the record in this case, we are of the opinion that the court properly applied the applicable law to the undisputed facts. We find

1. On June 27, 1966 the City of Dallas waived and relinquished its extraterritorial rights to the area in question. On May 3, 1966 the City of Carrollton also waived its rights but thereafter, on October 5, 1966, withdrew such waiver.

no merit in appellants' three points of error and overrule same and affirm the judgment.

In 1963 the Legislature enacted Art. 970a, of the Revised Civil Statutes of Texas, entitled "Municipal Annexation Act." By the terms of this statute it was expressly declared to be the policy of the State of Texas that the unincorporated area, not a part of any other city, which is contiguous to the corporate limits of any municipality to the extent described in the statute, shall comprise and be known as the extraterritorial jurisdiction of such city or cities.

Section 8A of Article 970a provides:

"No city may be incorporated within the area of the extraterritorial jurisdiction of any city without the written consent of the governing body of such city."

Then follows the procedure to be followed in the event of denial of consent of such governing body. The statute then continues:

"Written consent or authorization for the incorporation of a proposed city, insofar as the provisions of this Subsection are concerned, shall mean only authorization to initiate incorporation proceedings for such proposed city as otherwise provided by law."

Section 8C of Article 970a provides:

"If authorization to initiate incorporation proceedings for a proposed city is obtained under the provisions of Subsection A of this Section, such incorporation must be initiated within six (6) months of the date of such authorization and such incorporation must be finally completed within eighteen (18) months of the date of such authorization. Failure either to initiate such incorporation proceedings or to finally complete the incorporation of such proposed city within such allotted periods of time shall terminate such authorization. * * *."

■ We agree with appellees that the failure of the appellants to obtain written consent or authorization from all cities and towns having extraterritorial jurisdiction as defined in Art. 970a, V.A.C.S., prior to exhibiting a petition for incorporation to the County Judge, renders the effect of such petition a nullity and creating no legal relationship or status which would offer an obstacle to the subsequent annexation of the same territory by the City of Carrollton. The terms and provisions of the statute are clear and unequivocal. The statute refers to "written consent or authorization" and "authorization to initiate incorporation proceedings" in several places. The written consent of the governing body having extraterritorial jurisdiction is made mandatory by the Legislature. The right of the Legislature to provide conditions under which cities may incorporate is not questioned. When the statute designates certain conditions to be fulfilled as a condition precedent same must be substantially complied with. 39 Tex.Jur.2d, § 8, p. 370 and § 12, p. 373.

Since appellants admittedly failed to either allege or prove that they had complied with the mandatory provisions of Sec. 8A, Art. 970a, V.A.C.S., prior to filing their petition for incorporation with the County Judge of Dallas County such petition was of no force and effect. Vernon v. State ex rel. City of San Antonio, 406 S.W.2d 236 (Tex.Civ.App., Corpus Christi 1966); Red Bird Village v. State ex rel. City of Duncanville, 385 S.W.2d 548 (Tex.Civ.App., Dallas 1964, writ ref'd).

The judgment of the trial court is affirmed.