Sam PARKS et al., Appellants,

v.

Bill ELLIOTT, County Judge of Harris County, Texas, et al., Appellees.

No. 468.

Court of Civil Appeals of Texas, Houston (14th Dist.).

March 24, 1971.

Rehearing Denied April 14, 1971.

Danny R. Edwards, Houston, for appellants.

Joe Resweber, Gus Drake, Dale French, William A. Olson, F. William Colburn, J. Eugene Clements, Baker & Botts, Houston, for appellees.

BARRON, Justice.

The appellants, Sam Parks and Earl N. Juergan, brought this action against Honorable Bill Elliott, County Judge of Harris County, Texas, the City of Houston, Honorable Louie Welch, its Mayor, the Houston City Council, and Houston Eastex Water Supply Corporation, such action being brought by plaintiffs-appellants individually and allegedly as a class action as prescribed by Rule 42(a), Texas Rules of Civil Procedure. The plaintiffs reside in an unincorporated area within Harris County referred to for purposes of this litigation as "Waterloo."

The purposes of this suit were to obtain a writ of mandamus against the Honorable Bill Elliott, as County Judge, requiring him to grant an election in the area to be known as Waterloo, such election being to decide whether the residents of the area desire to incorporate; for the further purpose of enjoining certain actions by the other defendants-appellees, City of Houston and Houston Eastex Water Supply Corporation; to enjoin the Honorable Louie Welch, Mayor, and the City Council of Houston from interfering with the voters of the area in holding an election on the question of incorporation; and to enjoin the City of Houston and Houston Eastex in their alleged efforts to violate the Constitution of Texas in that the City was allegedly lending its credit to Houston Eastex, a private non-profit corporation, in violation of Article XI, Sec. 3 of the

Texas Constitution, Vernon's Ann.St. The planned annexation of the area of Waterloo by the City of Houston was also sought to be enjoined. Temporary injunctions and mandamus were sought by the plaintiffs.

After a hearing before the court, the trial court found that the plaintiffs reside in an area within the extra-territorial jurisdiction of the City of Houston, but that the plaintiffs are not residents or taxpayers of the said city and therefore have no legal standing to complain of the actions of the city on questions here involved and concerning the constitutionality of the lending of credit of the City of Houston. The trial court further found that the plaintiffs did not have legal standing to complain of any action or conduct on the part of the city through or in connection with Houston Eastex Water Supply Corporation, and it sustained a plea to the jurisdiction filed by the City of Houston and denied all relief sought by plaintiffs. From such adverse judgment, the plaintiffs have duly perfected their appeal to this Court.

The involved area is situated adjacent to the northeast boundary of the city limits of the City of Houston and contains approximately 1,300 acres of land with a population of approximately 4,500 people. It is undisputed that the entire area of Waterloo has at all times during the pendency of this suit been within the extra-territorial jurisdiction of the City of Houston as defined and established by Article 970a, Vernon's Ann.Tex.Civ.St. On or about September 19, 1968, the voters of Waterloo defeated by a large margin the formation of Harris County Water Control and Improvement District No. 102, which would have been a unit with power to tax, to fix liens, and to assess charges. At a later time, however, at the *suggestion* of the City of Houston, a petition was obtained by other persons with more than 1,000 signatures of residents of the Waterloo area requesting the formation of a private, non-profit water supply corporation. The

testimony shows that at the time of trial of this case, any projections as to the salability of any bonds which might be issued at some future date would be conjecture and speculation, and that the marketability of any such bonds could be determined only after more information was obtained as to the availability of federal funds, with more complete engineering reports and more detailed studies of the area. While appellants contend that revenue bonds of Houston Eastex would be backed and assumed by the City of Houston, the evidence shows that Houston Eastex may never issue bonds, and there is no evidence that any such bonds, if issued, would be backed or assumed by the City of Houston, or that the city has ever agreed to do so. However, there being an absence of water and sanitary sewer services in the area, and such area being within the extra-territorial jurisdiction of the city, on March 26, 1969, Resolution No. 69–47 was passed and approved by the City Council of Houston, with responsible citizens of Houston as the incorporators under Art. 1434a, V.A.T.S., at the suggestion of, but not at the order of, the City of Houston. Nonmembers of the City Council, Edward A. Stumpf, Ben F. Love and James A. Wilson, at the request of the Mayor, were the incorporators of Houston Eastex Water Supply Corporation, a non-profit corporation. The resolution stated that the non-profit corporation would later enter into a contract with the city as authorized by Art. 1109j, V.A.T.S., under which the city would take possession of the water and sewer facilities when constructed by the corporation and would maintain and operate them in conjunction with the city's water and sewer systems with which they would be connected; that plans and specifications for construction and terms of capital financing by Houston Eastex must be approved by the City Council; that the corporation would agree to sell to the city all properties, whether real, personal or mixed, constructed or acquired by the corporation, free and clear of all encumbrances; that the city would agree to pay the corporation in periodic

payments a sum equal to the amount necessary to retire and pay all approved indebtedness incurred by the corporation, and that the City of Houston would annex the area or any included adjacent area by sections as construction of water and sewer facilities were commenced in each section, respectively. There is no formal contract shown in the record between Houston Eastex and the City of Houston.

A number of citizens of the area of Waterloo apparently not desiring annexation by the City of Houston, filed an application with the County Judge of Harris County for an election to be called on the question of incorporation of Waterloo. At the suggestion of the County Attorney, the applicants requested that the City of Houston give consent to the initiation of incorporation proceedings as required by Art. 970a, Sec. 8, subd. A. The City of Houston refused to give such consent, and the County Judge refused the application and refused to order the holding of an election. See Articles 1133–1139, V.A.T.S. and Art. 966, V.A.T.S. This suit followed.

■ Contention is made by appellants that the trial court erred in denying appellants a writ of mandamus against the County Judge based on the trial court's interpretation of Art. 970a, V.A.T.S. Section 8, subd. A of the above statute specifically states that no city may be incorporated within the area of the extra-territorial jurisdiction of any city without the written consent of the governing body of said city. In the event of such refusal by the city, a majority of the resident voters in the area and the owners of fifty percent or more of the land in such area may petition the city council and request annexation by such city. Should the governing body of such city fail or refuse to annex the area within six months from the date of receipt of the petition, proof of such failure or refusal shall constitute authorization for incorporation of such area so far as Art. 970a is concerned. Written consent or authorization for the incorporation of an area

means only authorization to initiate incorporation proceedings for such area as otherwise provided by law, that is, under Articles 1133–1139 and Art. 966, V.A.T.S. in this case. The appellants have never obtained written consent of Houston for incorporation and have never petitioned for annexation. The City of Houston, a home rule city, derives its power of annexation from its charter, Sec. 2b thereof, permitting annexation by action of the City Council with or without the consent of the inhabitants of the territory annexed, as authorized by Art. 1175, Sec. 2. See Sitton v. City of Lindale, 455 S.W.2d 939, 941, (Tex.Sup.). Of course, it is regulated by Art. 970a, the Municipal Annexation Act of 1963, as amended.

We hold that the failure of appellants to obtain written consent of the governing body of the City of Houston for incorporation of the area known as Waterloo, such area lying within the extra-territorial jurisdiction of the City of Houston, is fatal to their petition for mandamus, and that the petition to the County Judge under the claimed authority of Articles 1133–1139, V.A.T.S., is a nullity. Art. 970a, Sec. 8, subd. A; Burns v. City of Carrollton, 421 S.W.2d 758, 760, (Tex.Civ.App.), no writ; Vernon v. State, ex rel. City of San Antonio, 406 S.W.2d 236, (Tex.Civ.App.), writ ref., n. r. e.

■ Appellants contend that such requirement of consent of the city is unconstitutional. The Supreme Court of Texas has had the opportunity to declare Art. 970a unconstitutional, but the Supreme Court has specifically upheld its validity. Deacon v. City of Euless, 405 S.W.2d 59, (Tex.). And see Red Bird Village v. State ex rel. City of Duncan, 385 S.W.2d 548, (Tex.Civ.App.), writ ref.; Vernon v. State, supra. We hold that the above provisions of such statute are valid and are not unconstitutional. Under the circumstances, an election called by the County Judge would be meaningless. A writ of mandamus will not issue to compel a person to do something that it is impossible

for him to do and will not issue if the granting of such a writ would be fruitless. Manion v. Lockhart, 131 Tex. 175, 114 S. W.2d 216, 219. The right to hold an election is not inherent in the people. Ellis v. State, 383 S.W.2d 635, 636, (Tex.Civ.App.), no writ.

██ In connection with the contentions made by appellants regarding the alleged dealings between the City of Houston and Houston Eastex and the alleged prayer for temporary injunctions to restrain Houston Eastex from making any expenditures, issuing any bonds or creating any liens in or on the area in question, the evidence shows that the formation of a non-profit corporation was a totally new alternative to the formation of a water district voted down by the inhabitants of the area of Waterloo. We are not here dealing with a water district or some other governmental agency but with a non-profit corporation without the power to do any of the things which appellants seem to anticipate. Appellants complain of burdens such as tie-on fees, sewage fees, water connection fees and minimum housing code problems which may be required of them at some future date. If these charges or fees are to be made by the City of Houston, they can actually be placed in effect only through duly and lawfully completed annexation proceedings, and Houston Eastex will have no such authority. In fact, Art. 1109j, V.A. T.S., seems to anticipate just such a situation as here exists, in view of the fact that the City of Houston is a home rule city and that the Waterloo area lies within the city's extra-territorial jurisdiction, and considering the fact that Houston's Resolution No. 69–47 provides that the City of Houston would annex the area by sections as construction of water and sewer facilities were commenced in each section. Certainly such a situation, Houston Eastex being a non-profit corporation, violates no rights and violates no duty owed appellants by the appellees.

██ It is further contended by appellants that the record shows a lending of credit between the City of Houston and Houston Eastex in violation of Article XI, Sec. 3 of the Texas Constitution. The record fails to support such a contention. Under the resolution of the city above referred to, the city would not own any such water supply system until all debts incurred by the non-profit corporation had been retired, and there would be no loan of municipal credit as contemplated by Art. XI, paragraph 3 of the Constitution of Texas. A municipal expenditure for the direct accomplishment of a legitimate public and municipal purpose is not rendered unlawful merely by the fact that a privately owned business may be benefited thereby, although here the corporation is non-profit and no benefits to it will result. See Barrington v. Cokinos, 161 Tex. 136, 338 S.W.2d 133, 140; Brazos River Authority v. Carr, 405 S.W.2d 689, 693–694, (Tex.).

It has been held many times that the Home Rule Amendment, Art. XI, Sec. 5, and the enabling statutes, bestow upon accepting and qualifying cities full power of self-government and full authority to do anything the legislature could theretofore have authorized them to do, acts of the legislature pertaining to home rule cities being merely limitations on their powers. Forwood v. City of Taylor, 147 Tex. 161, 214 S.W.2d 282; City of Pasadena v. Houston Endowment, Inc., 438 S.W.2d 152, 156, (Tex.Civ.App.), writ ref., n. r. e.

Houston Eastex has no authority to tax or encumber the residents or property of the area. It does, however, have the right of eminent domain to acquire rights-of-way. Art. 1434a, Sec. 4, V.A.T.S. However, the city has not attempted to grant any such rights-of-way in the area of Waterloo, and there is ample evidence that the city is not the "alter ego" of Houston Eastex.

We conclude that appellants have failed to show that the City of Houston or Hous-

ton Eastex has interfered with them in any special way, that appellants are not residents of the City of Houston and are not subject to the city's taxation, and consequently appellants lack any legal standing to complain of any conduct of the city or of Houston Eastex. See City of San Antonio v. Stumburg, 70 Tex. 366, 7 S.W. 754.

The judgment of the trial court is affirmed.