**MOBILE HOUSING, INC. dba Easy Living Mobile Homes, Appellant,**

v.

**Neil MOSS, Appellee.**

No. 640.

Court of Civil Appeals of Texas, Tyler.

May 25, 1972.

J. C. B. Aler, Weinberg, Sandoloski & Hines, Dallas, for appellant.

Joe D. Clayton, Sammons, Clayton & Parker, Tyler, for appellee.

McKAY, Justice.

Appellee brought suit against Mobile Housing, Inc., dba Easy Living Mobile Homes, for damages for the sale of a defective mobile home and alleged that the reasonable cost of necessary repairs of the defects was $1200.00. Appellee also pled that there was an overcharge and overpayment of $58.92 for licensing and registration fees. Trial was before the court without a jury, and judgment was rendered for appellee in the sum of $690.00 as reasonable and necessary costs of repairing defects in the mobile home, and for $58.92 for over-payment of licensing and registration fees.

Appellant's first three points complain that there is no evidence, or insufficient evidence, to support the judgment, and that such judgment awarding damages of $690.-00 is against the great weight and preponderance of the competent evidence.

The trial court made findings of fact and conclusions of law,[1] but appellant has brought forward only a partial Statement of Facts. Only the testimony of the witness Loren B. Swan, together with exhibits, is found in the Statement of Facts. Swan testified that about sixty days after the sale and delivery of the mobile home he inspected it at the location where it had been delivered and found two outside panels needed replacing, two inside panels were mismatched, the floor covering had been cut, upholstery on chairs had been damaged, a leak had caused damage to the floor and because of leaks the ceiling panels should be replaced. He estimated these repairs should cost $660.00. Swan testified that the value of the mobile home was between $8500.00 and $9,000.00 when sold new, but there is no evidence as to its value in the damaged or defective condition as claimed by appellee.

It is appellant's burden to bring up the whole record, and if he brings up only a part of the record every reasonable presumption will be indulged in favor of

[1]  "FINDINGS OF FACT
"I. That the Plaintiff, NEIL MOSS, purchased from the Defendant, Mobile Housing, Inc. D/B/A Easy Living Mobile Homes, a Twinport Mobile Home Identification No. 8588R and 8588L.
"II. That the Defendant, Mobile Housing, Inc, D/B/A Easy Living Mobile Homes, delivered said mobile home to Plaintiff's property and removed the wheels therefrom and attached the same to the realty owned by the Plaintiff.
"III. That after the home was attached to the realty owned by Plaintiff certain defects were discovered by the Plaintiff.
"IV. That the reasonable cost for remedying the defects was $690.00, which sum remains unpaid by the Defendant, Mobile Housing, Inc. D/B/A East Living Mobile Homes.
"V. That the Plaintiff, Neil Moss, occupied the home claiming the same as his residence and homestead.
"VI. That there was a real or constructive annexation of the home in question to the realty.
"VII. That there was a fitness of the home to the use of the realty with which it was connected.
"VIII. It was the intention of the Plaintiff that the house should become a permanent annexation to the freehold.
"CONCLUSIONS OF LAW
"I. That the Plaintiff, NEIL MOSS, is entitled to judgment against the Defendant, Mobile Housing, Inc. D/B/A Easy Living Mobile Homes in the amount of $690.00 with interest at the rate of six per cent (6%) per annum from date of judgment.
"II. That the home in question was the homestead of the Plaintiff, Neil Moss.
"III. That the home in question was a fixture.
"IV. That the proper measure of damages is the reasonable cost of remedying the defects."

the ruling below, and a reversal will not be ordered unless it appears that upon no possible state of the case could the ruling be upheld. Redman v. Bennett, 401 S.W.2d 891 (Tex.Civ.App., Tyler, 1966, n. w. h.); Boyd v. Robinson, 304 S.W.2d 430 (Tex. Civ.App., Waco, 1957, n. w. h.). Points of error attacking a conclusion of the court on the ground that it is not supported by the evidence, or questioning the sufficiency of the evidence, will not be considered where the Statement of Facts does not contain all of the evidence. Boyd v. Robinson, supra. We are not advised whether there was other evidence on the question of damages.

Appellant claims that the Purchase Agreement Contract, Plaintiff's Exhibit 2 in the partial statement of facts, provides that appellant had no duty to correct any defects or damaged areas in the mobile home. The Purchase Agreement provided in part: "7. DISCLAIMER OF IMPLIED WARRANTY. It is mutually agreed the buyer takes the new mobilehome, trailer or other described unit, 'as is' and that there are no warranties, either expressed or implied, made by the dealer. The seller specifically makes no warranty as to its merchantability or of its fitness for any purpose." The agreement further provides that on new units the warranty of the manufacturer will apply as well as warranties of the makers of accessories and equipment, and the purchaser represents he has examined the mobile home and found it suitable and of acceptable quality.

By Points 4 and 5 appellant contends that the trial court erred in holding that appellee was entitled to damages for defects in a fixture attached to realty, and therefore applied the wrong measure of damages. The complaint is made that the damages were measured by the cost of repairing defects as if the mobile home was real property, when, in fact, it was personal property, and the measure of damages should have been the difference between the market value as contracted for and the market value as delivered. The trial court

found that the mobile home was attached to the realty and was the homestead of appellee.

The mobile home obviously was an item of personal property at the time of its sale. If chattels have become so attached to the land as to make them fixtures and to change their character from personalty to realty, they are a portion of the homestead, but the mere fact that it is intended that a chattel will be attached to realty does not have the effect of changing the chattel into realty at the time of sale. 28 Tex.Jur.2d, Sec. 10, pp. 380, 381.

The measure of damages for damage to or loss of personal property, if the market value is capable of being established, is the difference between the market value immediately before the injury and its market value immediately after the injury. 17 Tex.Jur.2d, Sec. 81, pp. 154, 155. We are also of the opinion that the same measure of damages applies to personal property such as a mobile home which is claimed to have defects and damage. Texas Construction Rentals, Inc. v. Harrison, 410 S.W.2d 482 (Tex.Civ.App., Waco, 1967, writ refused, n. r. e.). The fact that the defects or damages were not discovered until the mobile home was attached to the realty, in our view, does not change the character of the property nor the necessity of applying the correct measure of damages. The findings of the court that the mobile home was a fixture attached to the realty, claimed by appellee as his homestead and fitted for that use, and that appellee intended that it would be a permanent annexation to the freehold constituted findings of fact which occurred after the critical point in time involved—the time of sale.

In the absence of a complete Statement of Facts we are not able to say the purchase contract was not changed or altered as to the provision that the buyer accept it "as is" without any warranty by the seller. The findings and conclusions by the trial court are silent regarding the purchase agreement, and there is no request in

the record for additional findings. Rule 298, Texas Rules of Civil Procedure. Therefore, Points 1, 2 and 3 should be overruled.

However, there seems to be no dispute, and the trial court so found, that appellee bought the mobile home from appellant and afterward appellant delivered it to appellee. We hold that under such circumstances it becomes a question of law, and the trial court abused its discretion and erred in failing to properly apply the law to the facts by using the improper measure of damages. Burns v. City of Carrollton, 421 S.W.2d 758 (Tex.Civ.App., Dallas, 1967, n. w. h.); Carl Coiffure, Inc. v. Mourlot, 410 S.W.2d 209 (Tex.Civ.App., Houston, 1966, writ refused, n. r. e.).

The judgment is reversed and the cause is remanded to the trial court.