OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



March 27, 2001

The Honorable Kip Averitt
Chair, Committee on Financial Institutions
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. JC-0357

Re: Whether section 62.003 of the Property Code, which converts a personal property lien on a manufactured home to a purchase money lien on real property, creates a valid purchase money lien against homestead property under article XVI, section 50 of the Texas Constitution (RQ-0293-JC)

Dear Representative Averitt:

Article XVI, section 50 of the Texas Constitution invalidates any lien against the "homestead," unless the lien secures a debt described by that provision, such as a debt for the "purchase money thereof." TEX. CONST. art. XVI, § 50(a)(1). A purchase money lien against the homestead is valid only to the extent of the debt proceeds used to acquire the property. Additionally, "homestead" is "land" and "the improvements thereon." *Id.* art. XVI, § 51. You ask whether section 62.003 of the Property Code, which converts a personal property lien on a manufactured home to a purchase money lien on real property when the manufactured home is converted to real property, creates a "valid lien on homestead property" under article XVI, section 50.[1] We conclude it does not because the "purchase money" debt for the manufactured home is not for the acquisition of the land to which the manufactured home is attached.

Article XVI, section 50 protects a "homestead." *See id.* art. XVI, § 50. Under this provision, "[n]o mortgage, trust deed, or other lien on the homestead shall ever be valid unless it secures a debt described by this section, whether such mortgage, trust deed, or other lien, shall have been created by the owner alone, or together with his or her spouse . . . ." *Id.* art. XVI, § 50(c). The debts permitted under this section are set out in subsection (a), which states:

> The homestead of a family, or of a single adult person, shall be, and is hereby protected from forced sale, for the *payment of all debts* except for:
>
> (1) *the purchase money thereof* . . . ;

---

[1]Letter from Honorable Kip Averitt, Chair, House Committee on Financial Institutions, to Honorable John Cornyn, Texas Attorney General (Oct. 9, 2000) (on file with Opinion Committee) [hereinafter Request Letter].

> (2) the taxes due thereon;
>
> (3) an owelty of partition . . . ;
>
> (4) the refinance of a lien against a homestead, including a federal tax lien . . . ;
>
> (5) work and material used in constructing . . . improvements thereon . . . :
>
>> . . . . ;
>
> (6) an extension of credit that:
>
>> (A) is secured by a voluntary lien on the homestead . . . ;
>>
>> . . . . ; or
>
> (7) a reverse mortgage.

*Id.* art. XVI, § 50(a) (emphasis added). Two issues are significant with respect to the constitutionally permitted "purchase money" debt for the "homestead" as it relates to an understanding of section 62.003 of the Property Code and your question.

First, pursuant to article XVI, section 51, the "homestead" is "land" and "the improvements thereon." *Id.* art. XVI, § 51 ("The homestead, not in a town or city, shall consist of not more than two hundred acres of land . . . with the improvements thereon; the homestead in a city, town or village, shall consist of lot or contiguous lots amounting to not more than 10 acres of land, together with any improvements on the land . . . ."); *see also* TEX. PROP. CODE ANN. § 41.002(a) (Vernon 2000) (urban homestead shall consist of not more than ten acres together with improvements and rural homestead of not more than two hundred acres for a family and not more than one hundred acres for single adult with improvements thereon); *England v. FDIC*, 975 F.2d 1168, 1172 n.7 (5th Cir. 1992) ("Homestead interests exist in real property. Proceeds are personal property and cannot be homestead."); *Cocke v. Conquest*, 35 S.W.2d 673, 677-78 (Tex. 1931) ("The homestead right, when fixed, is an estate in land . . . ."). Thus, the "purchase money" debt permitted by article XVI, section 50 is a debt for the acquisition of the "land" and "improvements thereon" secured by a lien on the real property.

Second, a purchase money lien against the "homestead" is valid only to the extent of the proceeds of the purchase money debt used to acquire the property. *See* TEX. CONST. art. XVI, § 50(a)(1); *see also, e.g.*, *Gregory v. Sunbelt Sav.*, 835 S.W.2d 155, 160 (Tex. App.–Dallas 1992, writ denied) (where only portion of debt secured by homestead is used to purchase or improve homestead property, valid lien is created only to extent of purchase money debt due on homestead); *Napier v. FDIC*, 144 B.R. 719, 725 (W.D. Tex. 1992) ("[U]nder the Texas homestead laws, the Defendant's lien on Tract One is invalid to the extent that it secures non-purchase money debt."); *American Guar. v. Miller*, 58 B.R. 192, 197 (S.D. Tex. 1985) ("In order for American Guaranty's lien to be valid, the lien must be for purchase money, either the straight purchasing of an interest in real property or a vendor's lien."). This means that a purchase money lien on one part of the homestead cannot be spread to another part of the homestead to provide additional security for the original purchase money debt. *See Baxter v. Crow*, 133 S.W.2d 187, 188 (Tex. Civ. App.–San

Antonio 1939, writ dism'd judgm't cor.) (valid lien on family homestead land could not by contract be extended to business homestead as additional security for debt only against family homestead); *Hayes v. First Trust Joint Stock Land Bank,* 111 S.W.2d 1172, 1177 (Tex. Civ. App.–Fort Worth 1937, writ dism'd) (in absence of showing that money borrowed was used in payment of purchase money for second small tract constituting part of rural homestead, no equitable lien would be created against that tract); *Sweet v. Lyon,* 88 S.W. 384, 385 (Tex. Civ. App.–Austin 1905, writ ref'd) (no valid lien could attach to homestead land when note sued on was not given for purchase money of land).

Section 62.003 of the Property Code, enacted by the legislature in 1999, attempts to bring within the constitutionally permitted purchase-money debt for real property the personal-property, purchase-price debt for a manufactured home that becomes real property and a homestead. *See* TEX. PROP. CODE ANN. § 62.003 (Vernon Supp. 2001).[2]

A manufactured home is personal property at the time it is acquired. *See id.* § 2.001 (Vernon Supp. 2001); *see also Mobile Hous., Inc. v. Moss,* 483 S.W.2d 56, 58 (Tex. Civ. App.–Tyler 1972, no writ) ("The mobile home obviously was an item of personal property at the time of its sale. . . . [T]he mere fact that it is intended that a chattel will be attached to realty does not have the effect of changing chattel into realty at the time of sale."). It becomes real property as a matter of law, however, if it is permanently attached to real property and the manufacturer's certificate of origin or the original document of title is surrendered for cancellation, and a certificate of attachment is filed in the real property records of the county in which the home is located. *See* TEX. PROP. CODE ANN. § 2.001(b) (Vernon Supp. 2001); *see also* TEX. REV. CIV. STAT. ANN. art. 5221f § 19(*l*) (Vernon Supp. 2001) (if manufactured home is permanently affixed to land, original document of title may be surrendered to Texas Department of Housing and Community Affairs who shall issue certificate of attachment).

A manufactured home permanently attached to homestead real estate, as to constitute an improvement to the real estate, is entitled to homestead protection under article XVI, section 50. *See Minnehoma Fin. Co. v. Ditto,* 566 S.W.2d 354, 356-57 (Tex. Civ. App. –Fort Worth 1978, writ ref'd n.r.e.); *In re Brown,* 113 B.R. 320, 321 (W.D. Tex. 1990); *see also Inwood N. Homeowners' Ass'n, Inc. v. Harris,* 736 S.W.2d 632, 636 (Tex. 1987) (homestead may attach to real property interest less than fee simple; it may attach to any possessory interest). A debt for the acquisition of the manufactured home incurred prior to its attachment to the homestead land that is secured by a lien only on the manufactured home is enforceable, even after the manufactured home becomes "homestead," but only against the manufactured home, the property that was purchased with the proceeds of the debt. *See Minnehoma,* 566 S.W.2d at 356-57; *see also Inwood,* 736 S.W.2d at 635 ("Thus, we reaffirm that when the property has not become a homestead at the execution of the mortgage, deed of trust or other lien, the homestead protections have no application even if the property later becomes a homestead."). The lien securing the purchase price of the manufactured home does not extend to the homestead land on which the manufactured home is attached. *See*

---

[2]Act of May 26, 1999, 76th Leg., R.S., ch. 742, § 1, 1999 Tex. Gen. Laws 3352.

*Minnehoma*, 566 S.W.2d at 356-57. In short, it is not a debt for the "purchase money" of the homestead secured by a lien on the homestead. *See id.*

By converting a manufactured home purchase money lien into a "real property" lien that extends to the land to which the manufactured home is attached, chapter 62 of the Property Code attempts to transform the original debt into a purchase money debt for the "homestead," *i.e.*, the manufactured home and the land. *See* TEX. PROP. CODE ANN. §§ 62.001-.004 (Vernon Supp. 2001).[3] Section 62.002 provides that the chapter applies "only to a lien on a manufactured home if the loan or credit advance documents state or indicate that the lien . . . is or is in the nature of a vendor's lien[,] . . . purchase money lien[,] or . . . a retail installment lien." *Id.* § 62.002. Section 62.003 of the Property Code directs that "[w]hen the manufactured home converts to real property as provided by Section 2.001(b)[sic],[4] the lien on the property: (1) is converted to a *purchase money lien on real property* by operation of law; and (2) exists independently of any existing lien on the real property to which the home is permanently attached." *Id.* § 62.003 (emphasis added). Additionally, section 62.004 provides that a "lien that is converted to a purchase money lien on real property under section 62.003 may be refinanced with another lien on the real property to which the manufactured home is permanently attached . . . ." *Id.* § 62.004.

Section 62.003 is apparently intended to expand the definition of homestead "purchase money" debt to facilitate the refinancing of manufactured homes. *See id.* §§ 62.003, .004.[5] The bill analysis for House Bill 1086 enacting chapter 62 states that the conversion "effectively expands the meaning of Section 50 . . . , Article XVI, Texas Constitution." HOUSE COMM. ON BUSINESS & INDUSTRY, BILL ANALYSIS, Tex. H.B. 1086, 76th Leg., R.S. (1999) ("Background and Purpose"). Additionally, Senator Shapleigh, explaining the purpose of House Bill 1086, stated:

> [The bill] is intended to help owners of manufactured homes that are converted to real estate by providing a way to convert liens on personal property to liens on real estate. What this bill does — it allows a lien that was converted to a purchase money lien to be refinanced with another lien on the real property to which the manufactured home was permanently attached. When the title of the manufactured home unit has been converted to real estate, the lien

---

[3]Act of May 26, 1999, 76th Leg., R.S., ch. 742, § 1, 1999 Tex. Gen. Laws 3352.

[4]The law as codified and the bill enacting it omit any further statutory reference. *See* Act of May 26, 1999, 76th Leg., R.S., ch. 742, § 1, 1999 Tex. Gen. Laws 3352. While the House bill analysis appears to refer to the Manufactured Housing Act, *see* HOUSE COMM. ON BUSINESS & INDUSTRY, BILL ANALYSIS, Tex. H.B. 1086, 76th Leg., R.S. (1999), we believe the correct reference is to the Property Code given that the Manufactured Housing Act does not contain a section "2.001(b)." *See* TEX. REV. CIV. STAT. ANN. art. 5221f (Vernon 1987 & Supp. 2001).

[5]*See also* HOUSE COMM. ON BUSINESS & INDUSTRY, BILL ANALYSIS, Tex. H.B. 1086, 76th Leg., R.S. (1999); *Hearings on Tex. H.B. 1086 Before the Senate Comm. on Economic Development*, 76th Leg., R.S. (May 14, 1999) (statement of Senator Shapleigh).

against the unit will convert to a lawful purchase money lien on homestead real estate. This will save owners money in lower interest rates. The bill will also help owners by allowing a title insurance company to insure the real estate property title on the manufactured home which cannot be done under current law.

*Hearings on Tex. H.B. 1086 Before the Senate Comm. on Economic Development*, 76th Leg., R.S. (May 14, 1999) (statement of Senator Shapleigh). The legislature apparently recognized that a debt incurred for the acquisition of a manufactured home was not treated as a constitutionally permissible "purchase money" debt secured by a lien on the manufactured home and the real estate on which it was placed (the homestead) because (1) the debt remained a personal property obligation based on when it was incurred (when the manufactured home was purchased and not attached to real property), and (2) it did not relate to the real estate on which the manufactured home was placed. *See id.*[6] Consequently, a manufactured home debt could not be refinanced as an existing purchase money debt against the homestead. *See* TEX. CONST. art. XVI, § 50(a)(4) (permitting debt for refinance of existing "lien against a homestead").[7] Instead, any "refinancings" were done as an "extension of credit," commonly referred to as home equity loans. *See id.* art. XVI, § 50(a)(6).[8]

The question before us is whether section 62.003 may expand the article XVI, section 50 definition of homestead "purchase money" debt to encompass purchase price debt for manufactured homes. We believe not. When given the power to implement constitutional provisions, the legislature may define terms which are not defined in the constitution, provided its definitions are reasonable interpretations of the constitutional language "and do not do violence to the plain meaning and intent of the constitutional framers." *Swearingen v. City of Texarkana*, 596 S.W.2d 157, 160 n.1 (Tex. Civ. App.–Texarkana 1979, writ ref'd n.r.e.). While section 62.003 may be a reasonable policy response to address the hybrid nature of a manufactured home and provide a more economical method for refinancing it, it violates the plain meaning of article XVI, section 50(a)(1) to the extent it attempts to redefine purchase money debt for a manufactured home. First, the statute attempts to convert a purchase price manufactured home debt into a purchase money debt for the manufactured home *and* the land to which it is attached — the homestead. *See* TEX. CONST. art. XVI, § 50(a)(1) (authorizing debt against "homestead" for "purchase money thereof"); XII OXFORD ENGLISH DICTIONARY 860 (2d ed. 1989) ("purchase-money [means] [t]he sum for which anything is or may be purchased"). But a debt incurred to acquire only the manufactured home, by definition, remains a debt only for the purchase price of the manufactured home. Second, and relatedly, the statute extends the lien on the manufactured home (securing only its purchase price) to the land even

---

[6]*See also* Steven G. Lawrence, P.C., Analysis of Manufactured Home Lien Statute in Chapter 62 of the Texas Property Code, at 1, 3, 14 (attachment to Request Letter, *supra* note 1) (on file with Opinion Committee) [hereinafter Lawrence Brief]; John F. Rothermel, III, Stewart Title Guaranty Company, Manufactured Housing Law H.B. 1086, 1999 session, Legal Analysis, at 4 (on file with Opinion Committee) [hereinafter Rothermel Brief].

[7]*See also* Lawrence Brief, *supra* note 6, at 1; Rothermel Brief, *supra* note 6, at 4.

[8]*See also* Lawrence Brief, *supra* note 6, at 3.

though the original debt proceeds were *not* used to acquire the land or any interest therein. A "purchase money" lien on the land for other than its purchase price or portion thereof is invalid. *See* TEX. CONST. art. XVI, § 50(a)(1), (c).[9]

Our construction of article XVI, section 50 homestead "purchase money" debt is strict. We believe such a construction is appropriate for this office in light of article XVI, section 50's unambiguous statement that no lien "on the homestead shall ever be valid unless it secures a debt described by this section," and the absence of a judicial precedence to the contrary. *See id.* art. XVI, § 50(c). A more liberal construction by this office would expand the constitutional purchase money homestead debt to encompass a wholly new category of debt that may be secured by a lien on the homestead, but provide no legal protection to a creditor against a constitutional challenge to the validity of the lien. *See Comm'rs Court of Titus County v. Agan*, 940 S.W.2d 77, 82 (Tex. 1997) ("While Attorney General's opinions are persuasive[,] they are not controlling on the courts.").

---

[9]*See also Gregory v. Sunbelt Sav.*, 835 S.W.2d 155, 160 (Tex. App.– Dallas 1992, writ denied) (where only portion of debt secured by homestead is used to purchase or improve homestead property, valid lien is created only to extent of purchase money debt due on homestead); *Napier v. FDIC*, 144 B.R. 719, 725 (W.D. Tex. 1992) ("[U]nder the Texas homestead laws, the Defendant's lien on Tract One is invalid to the extent that it secures non-purchase money debt."); *American Guar. v. Miller*, 58 B.R. 192, 197 (S.D. Tex. 1985) ("In order for American Guaranty's lien to be valid, the lien must be for purchase money, either the straight purchasing of an interest in real property or a vendor's lien."); *Baxter v. Crow*, 133 S.W.2d 187, 188 (Tex. Civ. App.–San Antonio 1939, writ dism'd judgm't cor.) (valid lien on family homestead land could not by contract be extended to business homestead as additional security for debt only against family homestead); *Hayes v. First Trust Joint Stock Land Bank*, 111 S.W.2d 1172, 1177 (Tex. Civ. App.–Fort Worth 1937, writ dism'd) (in absence of showing that money borrowed was used in payment of purchase money for second small tract constituting part of rural homestead, no equitable lien would be created against that tract); *Sweet v. Lyon*, 88 S.W. 384, 385 (Tex. Civ. App.–Austin 1905, writ ref'd) (no valid lien could attach to homestead land when note sued on was not given for the purchase money of the land).

## S U M M A R Y

Section 62.003 of the Property Code, which converts a personal property lien on a manufactured home to a purchase money lien on real property when the manufactured home is converted to real property, does not create a valid purchase money lien on homestead property under article XVI, section 50 of the Texas Constitution.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Sheela Rai
Assistant Attorney General - Opinion Committee