**FRIENDSHIP VILLAGE, Et. Al., Appellants,**

v.

**The STATE of Texas, Appellee.**

**No. 9544.**

Court of Appeals of Texas, Texarkana.

Aug. 4, 1987.

Rehearing Denied Sept. 1, 1987.

Victor C. Lander, Lander and Associates, P.C., Dallas, for appellants.

Jerry A. Rochelle, Lavender, Rochelle, Barnette, Franks, Arnold, Texarkana, for appellee.

CORNELIUS, Chief Justice.

On August 13, 1977, an election to incorporate the city of Friendship Village was held. The electors voted favorably. After some delay due to legal proceedings, the county judge of Bowie County certified the incorporation. The State then attacked the incorporation in this quo warranto proceeding. In a nonjury trial, the district court ruled that the incorporation was invalid and ineffective. The ruling was based on the following findings, among others: (1) the proponents never sought or obtained the written consent of the City of Texarkana to the proposed incorporation, which was required by Tex.Rev.Civ.Stat.Ann. art. 970a, § 8(A) (Vernon 1963); (2) the proponents did not initiate proceedings to incorporate within six months from the City of Texarkana's failure to grant their petition for annexation, as required by Tex.Rev.Civ. Stat.Ann. art. 970a, § 8(C) (Vernon 1963); (3) the tract of land sought to be incorporated was not the same as that for which annexation was sought, as contemplated by Tex.Rev.Civ.Stat.Ann. art. 970a, § 8(A); (4) the proponents failed to submit to the county judge of Bowie County a list identifying the residents of the proposed city; (5) Friendship Village did not have the services, facilities or attributes of a town or village; and (6) the area sought to be incorporated did not have a population of at least 200 bona fide residents as required by Tex.Rev.Civ.Stat.Ann. art. 1155 (Vernon 1963).

If any of these findings is correct,[1] the court's judgment is proper and

1. Except those relating to a list of residents and the absence of city services and facilities, which   are evidentiary and not ultimate issues.

must be affirmed, because the failure to comply with any of the mandatory provisions of the statutes for incorporation renders the incorporation voidable in a direct attack. *Vernon v. State*, 406 S.W.2d 236 (Tex.Civ.App.-Corpus Christi 1966, writ ref'd n.r.e.); *Red Bird Village v. State*, 385 S.W.2d 548 (Tex.Civ.App.-Dallas 1964, writ ref'd). This is true despite the fact that when the county judge ordered the incorporation election he certified that all legal requirements had been met. The county judge's certification is conclusive on the question of *proceeding with the election*, but it is not conclusive in a direct attack on the legality of the incorporation. *Vernon v. State*, supra; *Red Bird Village v. State*, supra.

The defendants, referred to here as Friendship Village, contend that the district court's rulings and findings are erroneous because they incorrectly interpret and apply the pertinent statutory provisions and are supported by legally and factually insufficient evidence. We disagree and will affirm the judgment.

We will first address the legal issues and then the factual issues.

■ The district court correctly ruled that Friendship Village's failure to seek the written consent of the governing body of Texarkana, Texas, to the proposed incorporation invalidated the process. It is conceded by all parties that the proposed city was wholly within the extraterritorial jurisdiction of Texarkana, and that the proponents neither sought nor obtained the written consent of the city to the proposed incorporation. The applicable statute, Tex. Rev.Civ.Stat.Ann. art. 970a, § 8(A), provides as follows:

> No city may be incorporated within the area of the extraterritorial jurisdiction of any city without the written consent of the governing body of such city. Should such governing body refuse to grant permission for the incorporation of such proposed city, a majority of the resident voters, if any, in the territory of such proposed city and the owners of fifty per cent (50%) or more of the land in such proposed city may petition the governing body of such city and request annexation by such city. Should the governing body of such city fail or refuse to annex the area of such proposed city within six (6) months from the date of receipt of such petition, proof of such failure or refusal shall constitute authorization for the incorporation of such proposed city insofar as the purposes of this Subsection are concerned.

The plain language of the statute requires written consent by the city to the incorporation. It is only when the city shall "refuse to grant permission" for incorporation that the proponents may proceed with a petition for annexation and thereby trigger the incorporation process if annexation is refused. Of course, the city could grant or refuse permission to incorporate without being formally requested to do so, but in any event, Friendship Village's failure to obtain either the permission or the refusal of Texarkana, Texas, was fatal to its valid incorporation at that time. *Parks v. Elliott*, 465 S.W.2d 434 (Tex.Civ.App.-Houston [14th Dist.] 1971, writ ref'd n.r.e.); *Vernon v. State*, supra. The argument that the petition for annexation served as a request for consent to incorporate is not supported by the clear language of the statute or the cases construing it.

■ Friendship Village also failed to initiate proceedings for incorporation within the six months time period mandated by Tex.Rev.Civ.Stat.Ann. art. 970a, § 8(C), as the district court properly held. The pertinent part of the statute provides that:

> If authorization to initiate incorporation proceedings for a proposed city is obtained under the provisions of Subsection A of this Section, such incorporation must be initiated within six (6) months of the date of such authorization and such incorporation must be finally completed within eighteen (18) months of the date of such authorization. Failure either to initiate such incorporation proceedings or to finally complete the incorporation of such proposed city within such allotted periods of time shall terminate such authorization.

The proponents filed their petition for annexation under Section 8(A) on October 8, 1975. The city did not act on the petition, so authorization by default to proceed with incorporation would have matured on April 8, 1976. The application for incorporation was presented to the county judge on July 18, 1977. Thus, a period of more than nine months expired between authorization to proceed and filing the petition for incorporation. Even if Friendship Village had been authorized to incorporate despite its failure to obtain consent of the city, its failure to initiate the incorporation proceedings within six months of such authorization was fatal, according to the explicit language of the statute.

■ We cannot agree with Friendship Village's argument that filing the petition for *annexation* is the *initiation* of incorporation and that filing the petition for *incorporation* is the *completion* of incorporation. Annexation is not the same as incorporation, and it would be a strained interpretation of the statute to hold that filing a petition for incorporation completes the process. Incorporation is initiated by the petition to incorporate and is completed when the election is held and certified.

■ Nor can we agree with Friendship Village that its activities in moving trailers onto the land, attempting to acquire money to build streets, trying to get a sewage system installed, and attempting to borrow money for purchasing additional land, amounted to initiating incorporation. The statute speaks in terms of "incorporation proceedings," and obviously refers to the legal proceedings necessary to effect a valid incorporation, not to physical activities on the ground.

■ A further defect in the incorporation process is the variance between the land described in the petition for annexation, which was a 142.281 acre tract, and that described in the petition for incorporation, which was a 56.057 acre tract wholly contained within the 142.281 acres. A reasonable construction of the statute must be that the tract to be incorporated is to be the same as the tract described in the petition for consent and in the petition for annexation. Sound reasons exist for such a construction. A city may very well not desire to annex a larger tract because of the difficulty of providing services, but would be willing to annex a smaller area. Of course, the proponents have the right to select the area and designate the boundaries of their proposed city, *State ex rel Wilkie v. Stein*, 36 S.W.2d 698 (Tex. Comm'n App.1931) (opinion on motion for rehearing), but if a different tract is proposed for annexation than is proposed for incorporation the statutory scheme is thwarted.

We turn now to the district court's factual findings. Those to the effect that the proponents did not present to the county judge a list of Friendship Village's residents, and that the proposed city did not have certain facilities, services and attributes of a city, are evidentiary only and do not constitute ultimate facts. Consequently, even if those findings were erroneous it would not result in a different judgment in view of the other correct findings.

The finding that Friendship Village did not have 200 residents was an ultimate issue and could be dispositive if the other findings were erroneous. However, we must presume that there was sufficient evidence presented to the district court to support its factual findings, because the statement of facts was not timely filed in this appeal, and we are unable to consider it. *Murray v. Devco, Ltd.*, 731 S.W.2d 555, 557 (1987); *Englander Co. v. Kennedy*, 428 S.W.2d 806 (Tex.1968).

■ The judgment below was signed on December 22, 1986. Appeals in quo warranto proceedings are accelerated, and the record in such cases must be filed in the appeals court within thirty days after the judgment is signed. Tex.R.App.P. 42(a)(2). Thus, the due date in this appeal was January 21, 1987. The transcript was filed on that date, but the statement of facts was not filed until February 6, sixteen days beyond the due date. As the statement of facts was not presented by the required date and no motion for extension of time was filed within fifteen days after the due date as provided by Tex.R.App.P. 54(c), the

**16**

statement of facts cannot be considered and we must presume there was sufficient evidence to support all of the district court's factual findings. *Murray v. Devco, Ltd.,* supra; *B.D. Click Co. v. Safari Drilling Corp.,* 638 S.W.2d 860 (Tex.1982).

We find that the district court correctly disposed of the cause below and its judgment is in all things affirmed.