Radcliffe KILLAM et al., Appellants,

v.

WEBB COUNTY et al., Appellees.

No. 12707.

Court of Civil Appeals of Texas.

San Antonio.

June 23, 1954.

Rehearing Denied Sept. 8, 1954.

Mann & Byfield, Laredo, for appellant.

Pope & Pope, U. S. Algee, Laredo, for appellee.

NORVELL, Justice.

There is some dispute as to the nature of the hearing below which resulted in the rendition of a judgment dismissing plaintiffs' suit. Radcliffe Killam and seven others, as taxpaying citizens of Webb

County, Texas, brought this suit for a declaratory judgment against the County of Webb, the county judge, county commissioners and county clerk. The plaintiffs prayed that an order of the commissioners' court of Webb County dated November 19, 1953, calling an election for December 23, 1953, to determine whether or not county bonds should be issued in the principal sum of $525,000, be declared invalid and of no force and effect. A copy of the order calling the election was attached to the petition as an exhibit thereto. It was not alleged that this order was legally insufficient upon its face, but the gravamen of plaintiffs' complaint was that although the election order referred to the issuance of bonds "for the purpose of the construction, maintenance and operation of macademized, graveled or paved roads and turnpikes, or in aid thereof, within and for said County," the members of the commissioners' court, pursuant to a prior understanding, intended to use a substantial portion of the funds derived from the sale of the bonds to be voted upon, for purposes not specified in the election order.

Webb County and the defendant officials named in the petition filed a pleading designated as a plea in abatement, which set out numerous contentions or reasons why the suit should be abated or dismissed. Plaintiffs contended that many of the reasons therein set forth went to a determination of the merits rather than mere abatement, and upon the hearing insisted upon introducing evidence. Defendants offered no evidence, but stood upon the legal propositions disclosed by the petition and so-called plea in abatement. After hearing, the trial judge dismissed the petition and prepared certain findings and conclusions which he recited in the judgment. Plaintiffs have brought the case here and the parties will be designated as in the trial court.

■ ▆▆ We are of the opinion that the petition was properly dismissed for the reason that with the adoption of the order complained of, the election processes, which are political in nature, had commenced and the court consequently had no authority over the same until such processes had been completed. City of Austin v. Thompson, 147 Tex. 639, 219 S.W.2d 57; Ex parte Barrett, 120 Tex. 311, 37 S.W.2d 741; City of Dallas v. Dallas Consolidated Electric Street Railway Co., 105 Tex. 337, 148 S.W. 292; Leslie v. Griffin, Tex.Com.App., 25 S.W.2d 820; Winder v. King, Tex.Com.App., 1 S.W.2d 587.

▆▆ A dissenting opinion was filed in City of Austin v. Thompson, supra [147 Tex. 639, 219 S.W.2d 62], wherein the contention was made that an injunction should issue whenever it appeared that "there was not even color of authority for ordering or holding the election." It is not asserted by plaintiffs here that the order which they attack was void upon its face. Such contention would be fatal to their suit and is so recognized by them, inasmuch as the applicable statutes provide for approval of the bonds by the Attorney General. Article 709, Vernon's Ann.Civ.Stats.; Johnson v. Town of Refugio, Tex.Civ.App., 56 S.W.2d 674; Miller v. Snelson, Tex.Civ.App., 126 S.W.2d 504, affirmed 133 Tex. 364, 129 S.W.2d 288; Davis v. City of San Antonio, Tex.Civ.App., 135 S.W.2d 306, wr.ref. The challenged order on its face purports to be in compliance with the provisions of Article 752b, Vernon's Ann.Civ.Stats., and supported by a proper petition. Undoubtedly such order was adopted under "color of authority", so that the minority view expressed in City of Austin v. Thompson supports the dismissal entered in this case.

■ ▆▆ The mere fact that the present suit was brought as a suit under the Uniform Declaratory Judgments Act, Article 2524–1, Vernon's Ann.Civ.Stats., does not alter the situation, as it was not the purpose of such Act to extend the jurisdiction of the courts over matters which are purely political. The rule still obtains in this State that "an election is essentially the exercise of political power, and, during its progress, is not subject to judicial control. This comprehends the whole election, including every step and proceeding necessary to its

completion." Leslie v. Griffin, Tex.Com.
App., 25 S.W.2d 820, 821.

 It is immaterial whether the ground upon which our judgment is based be considered as properly presented by exception or plea in abatement. If considered as an exception or demurrer, it appears obvious that plaintiffs could not amend so as to preserve their attack upon the order calling an election, and at the same time avoid the circumstance that an election was in progress. Kelly v. Wright, 144 Tex. 114, 188 S.W.2d 983; Martin v. Hunter, Tex. Civ.App., 233 S.W.2d 354.

The order of dismissal is affirmed.