**J. Ernest STROUD, Appellant,**

v.

**John STIFF, et al., Appellees.**

**No. 8179.**

Court of Civil Appeals of Texas, Amarillo.

March 18, 1971.

John W. Broadfoot, Amarillo, for appellant.

J. Bruce Aycock, Amarillo, Underwood, Wilson, Sutton, Heare & Berry, Amarillo (Jerome W. Johnson), Amarillo, for appellees.

PER CURIAM.

Appellant, the Mayor of the City of Amarillo, had sought to enjoin and restrain the city manager, the city secretary, and the four city commissioners of Amarillo, appellees, from proceeding under two election resolutions. The trial court refused the issuance of the injunction prayed for, and this appeal has resulted.

The judicially recorded events leading to this disputation began on January 12, 1971, when a resolution was passed by the city commission and signed by the mayor calling a municipal election for April 6, 1971, for the purpose of electing a mayor and four city commissioners. On the same day appellant signed and filed with the city secretary a written order calling and providing for a municipal election, and appointing election judges therefor, to be held on April 6, 1971, to elect a mayor and four city commissioners, and on or about January 14, 1971, appellant signed and filed a similar order amending his prior order. On January 26, 1971, the four city commissioners passed a resolution appointing election judges and providing for the general conduct of the city election called in the previous resolution. Reciting that he alone has the authority to call the city

election and appoint judges therefor and that appellees have refused to recognize his election order, appellant filed his application for a temporary injunction to restrain and enjoin the named officers and employees of the city from proceeding under the two election resolutions, and praying that upon a hearing the injunction be made permanent. The trial court held a hearing and at the conclusion thereof denied the application and refused to issue an injunction.

At appellant's request and with the concurrence of the appellees, we advanced the submission of this cause on the docket because of the impending election. After carefully considering the record and briefs, which were available to us prior to submission, and the oral arguments, we affirm the action of the trial court in denying the injunctive relief sought.

Following appellant's request, the trial judge made and filed findings of fact and conclusions of law. The initial conclusion of law entered by the trial judge was that the municipal election called for April 6, 1971, is an exercise of the political power of the people of the City of Amarillo and the district court has neither the power nor authority to grant appellant's request for a temporary injunction. In his first point of error, appellant contends that the trial court erred in refusing to take jurisdiction of the injunction proceedings.

Appellant tacitly, if not explicitly, recognizes the well settled Texas rule of judicial noninterference in the exercise of political power through elections, for he takes the position in this Court that he is not seeking to enjoin or delay the election, but merely seeks a ruling as to who has the proper authority to select the election judges. From this premise he reasons that since there is no case directly in point which would bar the district court from ruling on his prayer for injunctive relief, the trial court erred in not exercising its constitutionally vested original injunction jurisdiction.

The fact that there may be no Texas case in which there was sought to be determined, by injunctive proceedings, which one of two vying officials has the rightful authority to either call an election or to appoint election judges does not persuade us to adopt appellant's reasoning based on the lack of judicial authority on this point. The novelty of the lack of judicial precedent is not of itself a sufficient compelling rationale for the courts to participate even peripherally in political powers consistently held to be immune from judicial process. Every Texas case in any way analogous to the facts in the case before us recognizes that the election process, and each essential part thereof, which would include calling the election and appointing election judges, is the exercise of political power entrusted by the Legislature to the people and exempt from judicial interference. Winder v. King, 1 S.W.2d 587 (Tex.Com.App.1928); City of Austin v. Thompson, 147 Tex. 639, 219 S.W.2d 57 (1949), and cases cited therein. And this is true regardless of whether the election be one which conforms to statutory requirements or not. Ex parte Barrett, 120 Tex. 311, 37 S.W.2d 741 (1931).

The two election resolutions attempted to be attacked by injunction in the instant proceedings are, under all Texas authority, integral parts of the election process for the April 6, 1971 municipal election. With the passage of the first of the two resolutions, the election process had commenced and the court subsequently had no authority over the same, at least until the election process has been completed. Killam v. Webb County, 270 S.W.2d 628 (Tex.Civ. App.—San Antonio 1954, writ ref'd n. r. e.). We hold, therefore, that the trial court was correct in denying the application for injunction.

Because of the disposition made herein, we do not reach or pass upon appellant's other points of error.

Affirmed.