CITY OF McALLEN and City of Mission, Texas, Appellants,

v.

Gloria GARZA, Presiding Judge for the Election for the Incorporation and Election of Officers of Granjeno, et al., Appellees.

No. 13–92–635–CV.

Court of Appeals of Texas, Corpus Christi.

Dec. 16, 1993.

Rehearing Overruled Jan. 13, 1994.

James E. Darling, City Atty., McAllen, Wm. Charles Bundren, Dallas, Darrell Davis, King, Guerra & Davis, Mission, for appellants.

Travis Hiester, Atlas & Hall, McAllen, Brinkley L. Oxford, Oxford, Oxford & Gonzalez, Edinburg, for appellees.

Before SEERDEN, C.J., and FEDERICO G. HINOJOSA, Jr., and YAÑEZ, JJ.

*OPINION*

SEERDEN, Chief Justice.

This is an appeal from an order dismissing Appellants' suit for injunctive and declaratory relief relating to the incorporation election for the community of Granjeno. The suit was dismissed for lack of jurisdiction. The claim of error relating to the injunctive relief is now moot. We affirm the dismissal of the declaratory judgment action.

Background

In August 1992, the Granjeno appellees presented Hidalgo County Judge, J. Edgar Ruiz, with a petition to incorporate Granjeno. The petition complied with all the statutory requirements set out in the incorporation provisions of Chapter 8 of the Texas Local Government Code. The applicable sections provide that:

**Authority to Incorporate as Type C General–Law Municipality**

(a) A community may incorporate under this subchapter as a Type C general-law municipality if it:

(1) constitutes an unincorporated city, town, or village;

(2) contains 201 to 4,999 inhabitants; and

(3) meets the territorial requirements prescribed by Section 5.901.[1]

(b) A community incorporating as a Type C general-law municipality adopts the commission form of government.

**Petition to Incorporate**

The residents of a community may initiate an attempt to incorporate under this subchapter by filing with the county judge a written petition signed by at least 10 percent of the qualified voters of the community. The petition must request the county judge to order an election to determine whether the community will incorporate as a Type C general-law municipality.

**Election Order**

If a county judge receives the petition and if satisfactory proof is made that the community contains the requisite number of inhabitants, the judge *shall* order an incorporation election to be held on a specified date and at a designated place in the community.

TEX.GOV'T CODE ANN. §§ 8.001–8.003 (Vernon 1988) (emphasis ours).

Appellants do not contest the fact that appellees fulfilled these statutory requirements. Judge Ruiz verified the facts and placed the matter on the Hidalgo County Commissioners Court agenda. Appellants contacted Judge Ruiz by letter and alleged that the proposed area of Granjeno was located within the statutory extraterritorial jurisdiction (ETJ) of the cities of McAllen and Mission. They claimed that the Granjeno appellees failed to obtain the written consent of McAllen and Mission to the proposed incorporation as stipulated by section 42.041 of the Texas Local Government Code.[2] Appellees contest the allegation that Granjeno lies within anyone's ETJ. A hearing was

held, and on August 10, 1992, Judge Ruiz signed an order calling an incorporation election for the proposed municipality of Granjeno. The election order recites that "all prerequisites of law have been met."

In October 1992, appellants collaterally attacked the order by filing suit in district court seeking an injunction and a declaration that the election order was void. At the hearing originally set for action on the requested injunction, the court entertained appellees' motion to dismiss for lack of jurisdiction. After hearing evidence and argument from both parties relating to the jurisdictional issue, the court signed a written order dismissing the suit for want of jurisdiction. The court never heard evidence directed to the merits of the suit.

The election to incorporate Granjeno was held, as scheduled, on January 16, 1993.

Review of Jurisdiction

Appellants' fifth point of error asserts that the district court has jurisdiction to enjoin the election and declare the election order void.

We first note that, because the election has already taken place, appellants' arguments claiming entitlement to injunctive relief are now moot. Appellants still seek a declaratory judgment that the election order itself is void, presumably in an attempt to void the results of the election itself. Whether the election order can now be rendered void, however, is not the question before us. The sole issue for our review is whether the district court erred in determining that, at the time the suit was initiated, it had no jurisdiction to declare the election order void.

▇▇▇ A court's acquisition of subject-matter jurisdiction over a case depends on the facts at the time the suit is instituted. *Travelers Indem. Co. of R.I. v. Montelongo*, 785 S.W.2d 436, 438 (Tex.App.—Corpus

---

1. The pertinent part of Texas Local Government Code, section 5.901, requires that "a community with fewer than 2,000 inhabitants must have not more than two square miles of surface area."

2. Section 42.041 reads, in part:

A municipality may not be incorporated in the extraterritorial jurisdiction of an existing municipality unless the governing body of the existing municipality gives its written consent by ordinance or resolution.... The consent ... is only an authorization to initiate incorporation proceedings as provided by law.

Christi 1990, writ denied). Subject matter jurisdiction is determined when pleadings allege facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Texas Ass'n of Business v. Texas Air Control Bd.,* 852 S.W.2d 440, 446 (Tex.1993). In reviewing a trial court order dismissing a cause for want of jurisdiction, this court must construe the appellants' pleadings as true. *Id.*

■ With that standard in mind, we approach the question of the district court's jurisdiction when the appellants' pleadings indicate that the county judge has issued a facially valid election order and the relief sought is a declaratory judgment that the order is void. In a strikingly similar case, certain individuals sued in district court to enjoin an incorporation election because the election order, issued by the county judge, was not authorized under the statutes. Additionally, the petition alleged that the failure to comply with the statutory requirements rendered the election and the proposed incorporation invalid. In holding that the district court lacked jurisdiction, the Texas Supreme Court opined:

> The holding of an election is a political function, and courts have no power to inquire into the validity of an election until it is completed. Regardless of whether the election be one which conforms to statutory requirements or not, the bare fact that the election is held would not affect private rights. Consequently the matter of stopping an election, merely for the purpose of inquiring into its validity, lies outside of the general scope of judicial power.

*Ex parte Barrett,* 120 Tex. 311, 37 S.W.2d 741, 742 (1931). Likewise, the Court reiterated some eighteen years later:

> The courts of this state have no jurisdiction to interfere with the political rights of the people to hold an election, and by holding the election is meant every step pertaining thereto, including the declaring of the result. *This rule obtains even though the election called and held is void.* The right to call and hold a void election is a political right that the courts have no jurisdiction to interfere with.

*City of Austin v. Thompson,* 147 Tex. 639, 219 S.W.2d 57, 60 (1949). Neither may the courts enjoin officials from enforcing a void election before the results are declared. *Winder v. King,* 1 S.W.2d 587, 589 (Tex. Comm'n App.1928, holding approved). "The law does not assume beforehand that sworn officials will attempt to enforce an invalid and void election; that is, that they would attempt to perform an illegal act." *Id.*

■ Appellants are attempting to use the Declaratory Judgment Act as a vehicle to confer jurisdiction where it otherwise would not lie. The election process commences upon the adoption of an order calling an election, and because the court has no authority over such processes until they have been completed, suit will not lie for a judgment declaring the election order invalid and of no effect. *Killam v. Webb County,* 270 S.W.2d 628, 629–30 (Tex.Civ.App.—San Antonio 1954, writ ref'd n.r.e.) (affirming dismissal of declaratory judgment suit which sought to declare election order invalid). As the *Killam* court noted:

> The mere fact that the present suit was brought as a suit under the Uniform Declaratory Judgments Act ... does not alter the situation, as it was not the purpose of such Act to extend the jurisdiction of the courts over matters which are purely political. The rule still obtains in this State that "an election is essentially the exercise of political power, and, during its progress, is not subject to judicial control. This comprehends the whole election, including every step and proceeding necessary to its completion."

*Id.* (citations omitted). In the case at bar, appellants' pleadings indicate that an election order had been issued. Appellants could not have amended their pleadings to avoid the circumstance that an election was already in progress. Construing appellants' pleadings as true, it is apparent that the election process had commenced, and the district court was without jurisdiction to entertain the declaratory judgment action. *See Texas Ass'n of Business,* 852 S.W.2d at 446.

We distinguish those cases cited by appellants which would appear, at first glance, to dictate a different result. Only one case involved a suit to enjoin a proposed election.

*See Oden v. Barbee,* 103 Tex. 449, 129 S.W. 602 (1910). The Court granted the injunction only because citizens would be deprived of voting rights and be subject to taxation on the basis of fraudulent averments in the petition for the election order. We note also that the Commissioner's Court in *Oden* had already rescinded its election order. Such is not the case here.

The other cited cases all involved widely divergent procedural postures. Some were suits to mandamus the county judge to call an election, reinstate an election order that he had rescinded, or canvass election results after rescission of an election order. *See generally Todd v. Helton,* 495 S.W.2d 213 (Tex.1973); *Parks v. Elliott,* 465 S.W.2d 434 (Tex.Civ.App.—Houston [14th Dist.] 1971, writ ref'd n.r.e.); *Hills And Dales v. Reeves,* 459 S.W.2d 672 (Tex.Civ.App.—San Antonio 1970, writ dism'd). Other cases involved *quo warranto* proceedings properly brought after the election process was complete. *See Friendship Village v. State,* 738 S.W.2d 12 (Tex.App.—Texarkana 1987, writ ref'd n.r.e.); *Vernon v. State,* 406 S.W.2d 236 (Tex.Civ.App.—Corpus Christi 1966, writ ref'd n.r.e.). Other cases, that tangentially involved voiding petitions for incorporation, were actually collateral attacks on annexation ordinances that had been passed by neighboring municipalities prior to the institution of incorporation proceedings by the petitioners. *See Beyer v. Templeton,* 147 Tex. 94, 212 S.W.2d 134 (1948); *Burns v. City of Carrollton,* 421 S.W.2d 758 (Tex.Civ.App.—Dallas 1967, no writ). Not one case stands for the proposition that a district court has jurisdiction over a suit to declare an election order void while the election process is in progress.

We do not here opine on the underlying validity of the election order itself, or on appellants' ability to now institute suit to invalidate the results of the election. We merely hold that, at the time the district court was presented with the petition seeking a declaration that the election order was void, the court was without jurisdiction to entertain it. We overrule appellants' fifth point of error.

Appellants' points one through four are directed to the merits of the underlying cause of action. Because the trial court was without jurisdiction, no adjudication on the merits was possible. We overrule points one through four.

The dismissal for want of jurisdiction is AFFIRMED.